UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE DIETZEN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:11-0037 |
| ] | JUDGE HAYNES |
| WILLIAMSON COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

O R D E R

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No.1) brought pursuant to 42 U.S.C. § 1983, a Motion (Docket Entry No.3) for the appointment of counsel, and an application to proceed *in forma pauperis* (Docket Entry No.2).

Plaintiff is an inmate at the Tennessee Prison for Women in Nashville. It appears from her application that she lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where she now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater

of:

    (a)   twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

    (b)   twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Should the Plaintiff be transferred from her present place of confinement, the current custodian of her inmate trust account will ensure that a copy of this order follows her to her new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Plaintiff complains about conditions of her confinement while she was an inmate at the Williamson County Jail. Among her claims are allegations of sexual discrimination, failure to protect, unsanitary living conditions, a denial of medical care, and punishment in retaliation for the filing of grievances. These types

of claims are actionable under 42 U.S.C. § 1983. Thus, the Court finds that the Plaintiff has stated colorable claims for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize her prosecution of this action. She is also forewarned that her prosecution of this action will be jeopardized should she fail to keep the Clerk's Office informed of her current address.

Plaintiff has filed a motion for the appointment of counsel (Docket Entry No.3). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. <u>Lavado v. Keohane</u>, 992 F.2d 601 (6th Cir. 1993). In this instance, the Plaintiff asserts the complexity of the case, her limited legal knowledge and her inability to exercise freedom of movement as the reasons why she needs an attorney. These circumstances, however, are typical to most prisoners and do not suggest anything exceptional in nature. Therefore, Plaintiff's Motion for the

appointment of counsel is **DENIED** at this time.

The Clerk is instructed to send a copy of this order to the Warden of the Tennessee Prison for Women to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

**ENTERED** this the ____ day of January, 2011.

                                   _____
                                   WILLIAM J. HAYNES, JR.
                                   United States District Judge